IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02998-MSK-CBS

JARED LUNN,

      Plaintiff,

v.

OFFICER ERIC SELLERS, in personal capacity,
JOHN DOE OFFICER, in his personal capacity, and
THE CITY AND COUNTY OF DENVER, COLORADO,

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

Each Party, by and through undersigned counsel of record, stipulates and moves the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

   1. In this action, at least one of the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.  "Confidential Information" means any document, files, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

    a.    the Parties and/or their representatives' personnel files;

    b.    internal affairs investigation files;

    c.    medical records;

    d.    witness statements; and

    e.    other documents related to Plaintiff's claims in this action.

3.  Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a.    By imprinting the word "Confidential" on the first page or cover of any document produced;

    b.    By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

    d.    Any information designated by a Party as "Confidential will first be reviewed by that Party's attorney who will certify that the designation is based on  a good faith belief that the information is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c)(7).

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action, their undersigned counsel, and self-insurance representatives, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed

appropriate by the Court.

8.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

9.  During pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.     A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11.     In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

12.     The termination of this action shall not relieve counsel or other persons obligated

hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

13.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order.  At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6, herein.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16.     The parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or

documentation shall not constitute a waiver of any privilege that may otherwise apply.

DATED at Denver, Colorado, this 4th day of February, 2011.

BY THE COURT:


*s/ Craig B. Shaffer*
_____
Craig B. Shaffer
United States Magistrate Judge


**STIPULATED AND AGREED TO**:

By: /S/ Sarah E. McCutcheon
Sarah E. McCutcheon, Esq.
Senter, Goldfarb & Rice, LLC
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone:  (303) 320-0210
E-mail:  smccutcheon@sgrllc.com
*Counsel Defendant City and County of Denver*

By: /S/ Sean T. Olson
Sean T. Olson, Esq.
Bruno, Colin, Jewell & Lowe, P.C.
1999 Broadway, Suite 3100
Denver, CO 80204
Telephone:  (303) 831-1033
Facsimile:  (303) 831-1088
Email:  solson@bcjlpc.com
*Counsel for Defendant Sellers*

By: <u>/S/ Lonn M. Heymann</u>
Lonn M. Heymann, Esq.
Rosenthal & Heymann, L.L.C.
1391 Speer Blvd., Suite 550
Denver, CO 80204
Telephone:  (303) 825-2223
Facsimile:  (303) 825-2224
Email:  <u>lonn@rosehey.com</u>
*Counsel for Plaintiff*

**AFFIDAVIT**

STATE OF COLORADO       )
                                          )ss
COUNTY OF                      )

_____, swears or affirms and states under penalty of perjury:

       1.     I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

       2.     I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

       3.     I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

       4.     For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

       5.     I will abide by the terms of the Protective Order.

_____
(Signature)
_____
(Print or Type Name)
Address:

_____
_____
Telephone No.: (_____) _____

**_SUBSCRIBED   AND   SWORN_** to before me this _____ day of _____, 2011, by _____.

WITNESS my hand and official seal.

_____
Notary Public
My commission expires:_____

[SEAL]

8